

LEXINGTON LAW FIRM
John C. Heath, Esq., #8975
Attorney for Plaintiff
P.O. Box 1173
Salt Lake City, Utah 84151
Telephone: (801) 297-2494
Facsimile: (801) 297-2511

IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KELVIN D. HALL, | **COMPLAINT** |
| Plaintiff, | |
| vs. | Judge Paul G. Cassell<br>DECK TYPE: Civil<br>DATE STAMP: 03/01/2007 @ 15:32:28 |
| EXPERIAN INFORMATION SOLUTIONS INC., an Ohio corporation, | CASE NUMBER: 2:07CV00127  PGC |
| Defendant. | **JURY DEMANDED** |

COMES NOW Plaintiff and complains of Defendant as follows:

PARTIES AND JURISDICTION

1. Plaintiff Kelvin D. Hall, [hereinafter Plaintiff or Hall] is an individual who resides in the state of Utah, Salt Lake County.

2. Plaintiff is a consumer pursuant to 15 U.S.C. § 1681a(c).

3. Defendant Experian Information Solutions Inc., [hereinafter Experian or Defendant] is a consumer reporting agency pursuant to 15 U.S.C. § 1681a(f).

4. Defendant Experian prepares consumer reports that are within the meaning of 15 U.S.C. § 1681a(d).

5. Defendant Experian is a corporation organized under the laws of the state of Ohio.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. Plaintiff brings a claim pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681-1681v.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1681p over Plaintiff's Fair Credit Reporting Act claims.

9. Defendant Experian has systematic and continuous contacts with Utah, including furnishing consumer reports to consumers and creditors in Utah

10. This court has personal jurisdiction over the Defendant.

11. Defendant Experian is a corporation that is subject to personal jurisdiction in this district.

12. Plaintiff Hall resides in Salt Lake County, therefore, Venue in this District is proper under 28 U.S.C. §1391.

### GENERAL ALLEGATIONS

13. Plaintiff Hall had a judgment against him in the Third Judicial District Court of Salt Lake County, obtained by RESCO, in the case of RESCO et al v. Hall, Case No: 048905477.

14. Plaintiff Hall has paid the judgment and obtained a Satisfaction of Judgment, which was filed in said Court on or about November 15, 2006.

15. Plaintiff Hall as an employee of Horrocks Construction Co., received a company credit card, issued by American Express. He was not personally liable for the debts incurred by the Construction Company on said credit card.

16. Defendant Experian, despite being advised by Hall or his agent, has reported and continues to report the judgment as "unsatisfied", which creates a negative item on Plaintiff's credit history.

17. Defendant Experian, despite being advised by Hall or his agent, has reported and continues to report the American Express credit card unpaid balance as a personal debt of Plaintiff, which creates a negative item on Plaintiff's credit history.

18. Defendant Experian inaccurately continues to report said negative items on its credit report history for Plaintiff which directly injures Plaintiff's ability to obtain favorable credit.

19. Defendant Experian furnished the inaccurate and misleading consumer report to Plaintiff's creditors.

20. Several creditors have denied Plaintiff credit as a result of the inaccurate and misleading information that Defendant Experian is reporting.

21. Plaintiff retained an attorney in an attempt to resolve the matter regarding his consumer report, said attorney has acted as Hall's agent and contacted Experian on several occasions requesting that the aforementioned inaccurate negative items be removed from Hall's credit report.

22. Plaintiff and his attorneys have sent letters to Experian informing Experian that the information relating to his credit history is inaccurate.

23. Despite those letters, Defendant Experian failed to update and correct the inaccurate information, but instead willfully and maliciously sent form letters to Plaintiff [hereinafter sometimes called "Stall Letters"] requesting information from Plaintiff rather than performing its duty to Plaintiff to verify the accuracy of the aforementioned negative items or delete them.

24. Despite the letters from Hall and his agent, Defendant Experian failed to reasonably investigate and delete the inaccurate and misleading information in Plaintiff's consumer report, instead Experian assumed a stall position, which it has instituted to avoid its duty to the consumers about whom it reports.

25. Furthermore, Defendant Experian continues to report the inaccurate and misleading information in Plaintiff's consumer report.

First Cause of Action
(Fair Credit Reporting Act 15 U.S.C. § 1681n.)
<u>Willful and Malicious Conduct</u>

26. Plaintiff repeats and incorporates paragraphs 1 through 25 above.

27. Defendant Experian knew or consciously avoided knowing that the information was inaccurate.

28. Defendant Experian willfully failed in its duty under 15 U.S.C. § 1681 et seq. by sending to Hall, or his agent, stall letters, knowingly and intentionally failing to update or correct the inaccurate information relating to Plaintiff in conscious disregard for the rights of the Plaintiff, said willful and intentional conduct is the proximate cause of damages suffered by Plaintiff.

29. Defendant, in willful disregard of its duties towards the consumers upon whom it reports, rather than investigating the consumers request to have an

inaccurate or misleading item removed from Experian's report, sends out as a matter of common practice a stall letter, resulting in many consumers ceasing and desisting from their attempts to obtain an accurate credit report.

## Second Cause of Action

(Fair Credit Reporting Act 15 U.S.C. Section 1681o.)

### Negligent Conduct

30. Plaintiff repeats and incorporates paragraphs 1 through 29 above.

31. Defendant Experian prepared a consumer report on Plaintiff.

32. Defendant Experian failed to follow reasonable procedures to assure maximum possible accuracy of information about the Plaintiff.

33. Defendant Experian reported inaccurate information about the Plaintiff.

34. Defendant Experian's failure caused Plaintiff to suffer damages.

35. Defendant Experian's failure was the proximate cause of Plaintiff's injury

## Third Cause of Action
(Fair Credit Reporting Act 15 U.S. C. § 1681i)
### Statutory Non-Compliance

36. Plaintiff repeats and incorporates paragraphs 1 through 35 above.

37. Plaintiff's credit file with Defendant Experian contains inaccurate information.

38. Plaintiff and his agent directly notified Defendant Experian in writing of the inaccurate information.

39. Plaintiff, in good faith, exercised his statutory right to have inaccurate and misleading negative credit history items removed from his credit report.

5

40. Defendant Experian failed to reasonably conduct an investigation, but instead sent back to Hall and his agent, stall letters, in violation of its statutory duty to report only accurate credit information.

41. Defendant Experian's failure caused Plaintiff to suffer damages.

42. Defendant Experian willfully failed in its duty under 15 U.S.C. § 1681 et seq. by failing to promptly delete the inaccurate information in Plaintiff's consumer report in conscious disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Appropriate damages in an amount to be proven at trial.

2. Punitive damages.

3. For costs of court and reasonable attorney fees.

4. For such other relief as the court deems appropriate.

DATED this _____ day of _____, 2007.

                              LEXINGTON LAW FIRM


                              _____
                              JOHN C. HEATH
                              Attorney for Plaintiff

### JURY DEMAND

Plaintiff demands a trial by jury.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KELVIN D. HALL

## DEFENDANTS
EXPERIAN INFORMATION SOLUTIONS, INC.

(b) County of Residence of First Listed Plaintiff: **Salt Lake County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Salt Lake County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lexington Law Firm, John C. Heath, Esq. #8975, P.O. Box 1173, Salt Lake City, UT 84151

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1331 and 15 U.S.C. Sec 1681p
Brief description of cause:
Inaccurate negative credit reporting

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 02/28/2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____

Judge Paul G. Cassell
DECK TYPE: Civil
DATE STAMP: 03/01/2007 @ 15:32:28
CASE NUMBER: 2:07CV00127  PGC

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.